Mr. Chief Justice Sharkey
delivered the opinion of the court.,
Scott, as sheriff of Kemper county, had in his hands an execution against John Root, which he levied on a negro then in jail as a runaway. He required a bond of indemnity which was given by the defendants in error, and he thereupon sold. Parker, for whose use this suit is brought, claims title to the negro, and sues upon the bond to recover damages.
Parker’s title was acquired in Alabama by purchase, at a constable’s sale of the same negro, under two judgments rendered in attachment suits by a justice of the .peace, against Root. It is admitted that if Parker’s title was a good one, the negro was not liable to the execution under which he was sold in Kemper county, but it is insisted that Parker did not produce competent evidence of title. With.a view to lay a foundation for the introduction of secondary evidence, Parker’s affidavit was introduced, in which he proved the loss of the justice’s docket, which had been delivered to him to be used as evidence, but this was excluded. The rule of law is, that the best evidence the nature of the case admits of must be produced; that is, that no evidence shall be received which presupposes the existence of evidence of a higher nature. Parker could riot therefore make parol proof of the contents of the docket. But when the higher evidence has been lost, then secondary evidence, that is proof of its contents, may be received, for that is then the best evidence which can be produced. It is a well established principle, that a party to the record may establish the loss of a written instrument, by *641 his own affidavit, though he cannot testify as to its contents. Such an affidavit is addressed to the court, who is to determine the competency of the secondary evidence. Tayloe v. Riggs, 1 Peters, 591; Adams v. Leland, 7 Pick. 62; 2 Phil. Ev. 138. It was competent, therefore, to prove the loss of the docket, but the question still rises, was the parol proof competent? The docket itself would have been incompetent without the proof or authentication. Much diversity of opinion has existed, not only as to the mode of proving the proceedings had before a justice in another state, but also as to the effect of such judgments when established. See Phil. Ev. 896, 1127, and notes 636, 771. These questions we need not discuss. If the loss of the docket has placed it out of the power of the party to furnish record evidence, then he was entitled to supply its place by parol evidence. 3 Phil. Ev. 1066, 1068. The laws of Alabama require the justices to enter in books, to be kept for the purpose, the names of the plaintiff and defendant, the debt and costs adjudged, the time when the warrant issued, when returnable, and when judgment was given. Aikin’s Dig. 292. These laws are made evidence by agreement of counsel. The party swears that the docket of the justice, in which the judgments were entered in the attachment suits, was handed to him by the justice to be used as evidence in this case, and that he, deponent, had lost it. He states the loss positively. Now we must suppose this docket spoken of was the record directed to be kept by the laws of Alabama. It was the book in which the judgment was entered, and we see no law of that state which justices the presumption that there was any other record. And although that docket may have lacked the requisite authentication to make it admissible itself, yet if it was the original and only record from which a transcript could be taken, of course its loss deprives the party of the means of presenting a proper exemplification. If he cannot introduce secondary evidence his remedy is gone. Under these circumstances, parol evidence of its contents is admissible. And such evidence is the less objectionable, since the supreme court of Alabama seems to have decided that the book kept by a justice is not a record. Gayle v. Turner, Minor, Rep. 204. It *642 was, therefore, but the common case of the loss of a written instrument, if this decision be correct. The depositions offered should, therefore, have been received, and for this error the judgment must be reversed, and the cause remanded.